IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH OWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-943-GPM |
| | ) |
| CITY OF FAIRVIEW HEIGHTS, ILLINOIS, GIL KLEIN, ROGER LOWRY, BONNIE CROSSLEY, PAT BAESKE, and NORM MILLER, | ) ) ) ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

  This matter came before the Court on April 11, 2005, for a hearing on a motion to dismiss filed by the City of Fairview Heights, Illinois, Gil Klein, Roger Lowry, and Norm Miller (Doc. 12) and a motion to dismiss filed by Bonnie Crossley and Pat Baeske (Doc. 19).

  The Court first notes the standard under which it must consider a motion to dismiss for failure to state a claim upon which relief can be granted brought pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on a motion to dismiss, a court must take all allegations in a complaint to be true and view them, along with all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir. 1981). A motion to dismiss is properly granted only if it appears beyond doubt that a plaintiff is unable to prove any set of facts which would entitle him or her to relief. *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Viewed in a light most favorable to Plaintiff, the relevant facts are as follows: Deborah Owen is the Library Director for the City of Fairview Heights, Illinois. The Library Board recommended that Owen's salary be raised to the Management III Level, and the City's Personnel Committee and Finance Committee voted for the promotion. But at a meeting on November 18, 2003, the City Council voted against the requested upgrade. The individual defendants are aldermen serving the City of Fairview Heights.

Owen alleges that Defendants, acting under color of state law, deprived her of her right to equal protection secured by the United States Constitution and enforceable under 42 U.S.C. § 1983, by denying her promotion based on the fact that she is a female (Count 1). Owen also alleges that the City of Fairview Heights violated Title VII of the Civil Rights Act of 1964 when it trumped the recommended promotion based on her gender (Count 2).

The main issue presented by the motions to dismiss is whether the Section 1983 claim can survive in light of Owen's allegation that the "Fairview Heights Library Board of Trustees has the statutory power to affix the compensation" for the Library Director. (*See* Complaint, Doc. 1, at para. 5A.) In other words, Defendants argue that the Library Board, not the City Council, had the right to set Owen's compensation and, therefore, the decision reached by the City Council was a nullity. But whether the City Council was authorized to deny the promotion or not, it did it, acting under color of state law, and its act resulted in a denial of Owen's promotion. She has stated a claim for a violation of equal protection. The Court finds that Count 1 is vulnerable under the doctrine of legislative immunity, but such claim is not properly disposed of at this time.

As stated on the record at the April 11 hearing, Owen has sufficiently pleaded a claim for violation of Title VII (Count 2), and this claim is not subject to dismissal at this stage of the

litigation.

For these reasons, the motions to dismiss (Docs. 12, 19) are **DENIED**.

**IT IS SO ORDERED.**

DATED:  04/20/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
